**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4696

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PRESTON CORNELIUS EVERETT, a/k/a P,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (CR-05-19)

Submitted: January 11, 2006    Decided: January 31, 2006

Before WILLIAMS, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David B. Smith, ENGLISH & SMITH, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, John Eisinger, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Preston Cornelius Everett was found guilty of conspiracy to possess with intent to distribute five kilograms or more of cocaine (Count 1) and possession of a firearm in furtherance of a drug trafficking crime (Count 2). The Government timely filed notice under 21 U.S.C. § 851 (2000) that it would be seeking an enhanced sentence in Count 1 because of Everett's prior Virginia felony conviction for possession of cocaine. The court sentenced Everett to the mandatory minimum sentence of twenty years, based on his prior Virginia drug felony under 21 U.S.C.A. § 841(b)(1)(A) (West 2000 & Supp. 2005) for Count 1 and to sixty months consecutively on Count 2. On appeal, Everett alleges that his 240-month sentence for Count 1 violated: (1) the Sixth Amendment under United States v. Booker, 543 U.S. 220 (2005), and (2) his due process rights. For the reasons that follow, we affirm.

Everett's first claim fails because, as we recently held, the rule announced in Booker does not apply to statutory mandatory minimum sentences. See United States v. Groce, 398 F.3d 679, 682 n.2 (4th Cir. 2005) (noting that judicial determination of how a gun was used, which determines the mandatory minimum sentence in a 18 U.S.C. § 924(c) violation, is not affected by Booker); see also Harris v. United States, 536 U.S. 545, 568 (2002).

Next, Everett argues that his due process rights were violated because use of his prior felony Virginia drug offense,

which would only have been a misdemeanor under federal law, significantly enhanced his sentence.  Such due process claims are analogous to equal protection claims.  See Chapman v. United States, 500 U.S. 453, 465 (1991); Jones v. United States, 463 U.S. 354, 362, n.10 (1983).  We have rejected the argument that incorporating state definitions into the federal statutes violates the Equal Protection Clause.  See United States v. Lender, 985 F.2d 151, 156 n.* (4th Cir. 1993).  Thus, this claim fails.

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED